AtkiNSON, J.,
delivered the opinion of the court:
Plaintiff’s decedent, Richard Walley, while in the hospital of the soldiers’ home at Hampton, Va., was allowed arrears of pension amounting to $928, which was paid by the pension agent of the United States to the treasurer of the soldiers’ home a short time prior to said Walley’s death. Plaintiff’s decedent, being ill at the time said payment was made, did not draw this fund from the treasurer of the home, but allowed the same to remain in the possession of said treasurer. There was also standing to his credit in the treasury of the home the sum of 80 cents, which made the aggregate sum of $928.80 in his favor in said treasury at the time of his demise.
On the 28th day of March, 1896, said Walley was received as a member of said home, and while an inmate of the same departed this life August 23,1906, and it appears that he left surviving him no widow, minor child, or dependent mother or father.
The plaintiff herein, who was appointed as the administrator of the estate of said Walley, made a demand upon the *29 treasurer of the Hampton (Ya.) Soldiers’ Home for said $928.80 to be turned over to him as such administrator, stating that the funds so held were not fension money, but are the personal estate of said Walley. This demand was refused by the authorities of the home under the provisions of the act of Congress of July 1, 1902 (32 Stats., 564), which reads:
“ Hereafter any balance of pension money due a member of the National Home for Disabled Volunteer Soldiers at the time of his death shall be paid to his widow, minor children, or dependent mother or father in the order named, and should no widow, minor child, or dependent parent be discovered within one year of the time of the death of the pensioner said balance shall be paid to the post fund of the branch of said National Home of which the pensioner was a member at the time of his death, to be used for the common benefit of the members of the home under the direction of the board of managers, subject to future reclamation by the relatives hereinbefore designated, upon application filed with the board of managers within five years after the pensioner’s death.”
Plaintiff brings this suit to recover the $928.80 so held by the authorities of said Hampton Soldiers’ Plome, contending, as before stated, that the funds in question were not “ pension money ” within the meaning of the act above qu@ted, but, on the contrary, were a part of the personal estate of the pensioner and were therefore due and payable to the plaintiff as the lawful representative of the deceased soldier’s estate.
The court is asked to decide whether the funds held by the treasurer of the Southern Soldiers’ Home to the credit of plaintiff’s decedent, Richard Walley, at the time of his death, were fension money or whether said funds had lost their identity as pension money and were simply funds belonging to the decedent held by the treasurer of said home under the statute authorizing him to receive and receipt for the pension moneys of the inmates of said home for the discipline and good management of the institution.
The Southern Branch Soldiers’ Plome was incorporated by an act of Congress, and is governed by the regulations prescribed by its board of managers under the authority *30 vested in it by sections 4825 to 4837 of the Revised Statutes. Under the provisions of section 2 of the act of February 26, 1881 (21 Stats., 350), pensions and arrears of pensions due members of national soldiers’ homes are paid to the treasurers of said homes of which they may be members. Under this statute the $928 in controversy was paid by the United States pension agent to the treasurer of the soldiers’ home above mentioned. This act provides that the pensions of inmates of soldiers’ homes so received must, upon discharge from such homes, be paid direct to them by the treasurers of such homes, and if dead, payments must be made to their widows or children, or in default of either, to the legal representatives of such deceased soldiers. But since the passage of the act of July 1, 1902, supra, pension due at the death of such inmate is to be paid to his widow, minor child, or dependent mother or father.
The Pension Bureau paid the arrears of pension due to plaintiff’s decedent to the treasurer of the soldiers’ home of which he was an inmate, and by so doing its obligations to him had been fully carried out. Said payment was made in conformity with the requirements of section 2 of the act of Congress of February 26, 1881, supra.
Sections 4825 to 4828, inclusive, of the Revised Statutes provide for the establishing and control of soldiers’ homes, and make such institutions corporations “ with powers to take, hold, and convey personal and real property,” and “ to sue and be sued ” in courts of law and equity, and “ to make by-laws, rules, and regulations not inconsistent with law for carrying on of business and government of the homes,” etc. Section 2 of the act of February 26, 1881, above referred to, is in the following words:
“All pensions payable, or to be paid under this act, to pensioners who are inmates of the National Home for Disabled Volunteer Soldiers shall be paid to the treasurer oí treasurers of said home, upon security given to the satisfaction of the managers, to be disbursed for the benefit of the pensioners without deduction for fines or penalties under regulations to be established by the managers of the home; said payment to be made by the pension agent upon a certificate of the proper officer of the home that the pensioner *31 is an inmate thereof and is still living. Any balance of the pension which may remain at the date of the pensioner’s discharge shall be paid over to him; and in case of his death at the home, the same shall be paid to the widow or children, or in default of either to his legal representatives.”
Inasmuch as the United States have paid to the proper party the arrears of pension found to be due plaintiff’s decedent, they can not be held liable for a debt they do not owe. Therefore we do not deem it necessary to decide whether the fund in controversy was or was not “ pension money ” within the meaning of the statute. If it was pension money, then under the law it would become the property of the home, subject to future reclamation as provided in the act of 1902; and if not pension money, then, for the reasons given, the suit was improvidently instituted, because the Government is not liable, and this court is without jurisdiction to hear and determine the case.
The petition is dismissed.